**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1888
_____

ANGEL L. MARTINEZ,
                              Appellant

v.

SUPERINTENDENT FOREST SCI;
PENNSYLVANIA ATTORNEY GENERAL'S OFFICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:20-cv-00971)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 15, 2025

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: June 5, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Angel L. Martinez sought a writ of habeas corpus based on ineffective assistance of his trial counsel. For the following reasons, we will affirm the District Court's order denying relief.

**I**

In 2012 and 2013, the Commonwealth of Pennsylvania charged Martinez with sexual offenses against his three children. Just before the parties began selecting a jury, the Commonwealth stated on the record that it had made two plea offers to resolve all charges against Martinez. It specified that one offer was for 20 to 40 years' imprisonment and the other was for 15 to 50 years' imprisonment. Martinez did not dispute the Commonwealth's statements. He proceeded to trial, was convicted on 18 counts, and was sentenced to an aggregate term of 81 1/2 to 163 years' imprisonment. On direct appeal, the Pennsylvania Superior Court affirmed his convictions but vacated his sentence. He was resentenced to the same aggregate term of imprisonment and did not appeal.

Martinez then petitioned for state post-conviction relief. As relevant here, he asserted that his trial counsel was ineffective for failing to communicate two plea offers. At an evidentiary hearing, Martinez testified to the same. When asked whether he was "planning on plead[ing] guilty," he responded, "No." Supp. App. 32. His trial counsel did not testify.

2

The post-conviction court denied the petition, and the Superior Court affirmed. Relying on Martinez's testimony that he was not planning on pleading guilty, the Superior Court concluded that Martinez failed to show he would have accepted the Commonwealth's plea offer.

In his federal habeas petition, Martinez again raised an ineffective-assistance claim based on trial counsel's failure to communicate the Commonwealth's plea offers. The District Court determined that the Superior Court reasonably rejected this claim.

Martinez timely appealed. We granted a certificate of appealability as to whether his trial counsel provided ineffective assistance by failing to communicate the two plea offers.

## II[1]

Because the District Court did not hold an evidentiary hearing, our review of the District Court's order is plenary. *Laird v. Sec'y, Pa. Dep't of Corr.*, 129 F.4th 227, 242 (3d Cir. 2025). We review state-court determinations under the same standard applied by the District Court. *Id.* We cannot grant Martinez habeas relief unless the Superior Court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253.

3

To prevail on his ineffective-assistance claim, Martinez must show that trial counsel's performance was deficient and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice from counsel's failure to communicate a plea offer, he must show "a reasonable probability that but for counsel's errors he would have accepted the plea." *Lafler v. Cooper*, 566 U.S. 156, 171 (2012). The Superior Court determined that he did not do so. Its decision does not run afoul of § 2254(d). Accordingly, we will affirm the District Court's order denying Martinez's habeas petition.